**Alfredo Gonsales CERVANTES, Petitioner–Appellant,**

v.

**Ernie ROE, Warden, Respondent–Appellee.**

No. 02–17431.

D.C. No. CV–99–05494–REC.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 18, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, petitioner's request for oral argument is denied.

Before SCHROEDER, Chief Judge, HAWKINS and TASHIMA, Circuit Judges.

MEMORANDUM **

California state prisoner Alfredo Cervantes appeals the district court's order dismissing with prejudice his 28 U.S.C. § 2254 petition for writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

■ Cervantes contends that the state trial courts violated his rights under the Constitution by failing to grant his motions to disclose the identity of a confidential informant, and by failing to require the presence of the informant at the attendant *in camera* hearings. However, the state courts, based on the testimony of officers involved in the drug investigation, determined that the informant could not provide information favorable to Cervantes and was not a percipient witness to the offense, and Cervantes does not show how the state courts' determination would have changed had the informant given testimony in person. On the record before us, therefore, we cannot say that the state courts' determination was contrary to or an unreasonable application of *Roviaro v. United States*, 353 U.S. 53, 60–61, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) (holding that the Government's privilege to withhold the identity of an informant gives way only if disclosure "is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause ....."), or other Supreme Court precedent.[1]

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Cervantes also argues that the district court erred by dismissing his claim that the state trial court violated *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), when it failed to grant his motion for disclosure of the informant's identity. We disagree. *See Brady*, 373 U.S. at 1196–97, 83 S.Ct. 1194 (holding that *"suppression by the prosecution* of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment ....") (emphasis added).

Also, Cervantes contends that trial counsel was constitutionally ineffective in arguing a sentencing motion to strike Cervantes' prior conviction for voluntary manslaughter, because counsel did not investigate and present facts concerning the allegedly weak evidence against him in that case. However, the state appellate court concluded that Cervantes' trial counsel did a "commendable job" by arguing that the manslaughter conviction should be stricken based on the implications inherent in the lenient, probationary sentence, rather than emphasizing facts about the crime revealed in preliminary hearing transcripts and probation reports, which reflected unfavorably on Cervantes. Again, we cannot say on the record before us that the state court of appeal's decision is contrary to or an unreasonable application of *Strickland v. Washington,* 466 U.S. 668, 690–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding that to obtain habeas relief for ineffective assistance of counsel, petitioner must show (1) deficient performance falling outside the wide range of professionally competent assistance, and; (2) a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different). *See Woodford v. Visciotti,* 537 U.S. 19, 123 S.Ct. 357, 361, 154 L.Ed.2d 279 (2002) (per curiam) (stating that federal habeas scheme "authorizes federal-court intervention only when a state court decision is objectively unreasonable"), *reh'g denied,* 537 U.S. 1149, 123 S.Ct. 957, 154 L.Ed.2d 855 (2003).

AFFIRMED.